## HOME FERTILIZER & CHEMICAL CO. *v.* STRICKLAND.

1. Where a corporation claimed that one who had been its agent in certain transactions was indebted to it in a certain sum, and sent another agent to close up its account with him, and the second agent took a note evidencing the amount of the indebtedness, it was competent for the agent thus authorized (there being a dispute between him and the debtor as to the actual amount of the debt, the debtor claiming that he had evidence to show that a certain item of indebtedness should not be included in the note) to stipulate in writing that if this evidence should be discovered the debtor could use the same as against the note given; and it was not necessary to show that the authority to execute such a written agreement was itself in writing.

2. The evidence was conflicting, but there was sufficient evidence to support the verdict as it stood after the defendant had written off the amount awarded him by the verdict.

MAY 11, 1916.

Complaint. Before Judge Thomas. Thomas superior court. March 22, 1915.

*J. U. Merritt* and *W. I. MacIntyre,* for plaintiff.

BECK, J. The Home Fertilizer and Chemical Company brought suit upon two promissory notes against S. E. Strickland. The defendant filed a plea and answer. By way of set-off he alleged certain indebtedness to him from the plaintiff. Upon the trial the jury returned a verdict finding in favor of the defendant, and awarding to him a stated amount. The plaintiff moved for a new trial, and after hearing the motion the judge passed an order refusing a new trial upon the condition that the defendant would write off from the verdict the amount found in his favor. He met the condition imposed, and wrote off the amount so awarded to him. The plaintiff excepted to the refusal of a new trial.

1. In the motion for a new trial, in addition to the general grounds complaining that the verdict was contrary to law and

without evidence to support it, error is assigned upon a ruling of the court admitting in evidence a written memorandum of agreement which purported to be executed by one Tyler, and which reads as follows: "Mr. Strickland [the defendant], not being quite satisfied with charge $71.30 from 1910, is at liberty to bring proof of that or other items as against the above notes, or said notes to stand. Boston, June 4th, 1912. Home Fertilizer & Chemical Company, by Tyler." This evidence was objected to on the ground that "the said evidence was in writing, and, in order to be binding upon the plaintiff, it was incumbent upon the defendant to show that the agent, H. L. Tyler, was or had been authorized by the plaintiff in writing to execute the writing offered in evidence; otherwise the same was inadmissible in evidence." We do not think the reason stated for opposing the introduction of the evidence was sound and valid. Strickland, the defendant, had alleged in his plea that at the time of taking said notes the agent of the plaintiff, Tyler (the person who took the notes), delivered to the defendant the writing in question. The note and the paper offered in evidence by the defendant were contemporaneous writings. And while on the stand the defendant testified: "Tyler, who was representing the Home Fertilizer and Chemical Company, took my notes, being the notes sued on in this case. There was some differences between us as to the correct amount of indebtedness owing by me to the company. There was a claim of $71.30, which was included in the note for $184.68, that the company claimed I owed as a balance on 1910 business. This amount was included in this note with the understanding that if I could find a letter that I claimed to have, which showed that all my 1910 business was settled, that it would be deducted from said note, and Mr. Tyler gave me the following writing:" (being the evidence objected to.) Taking all the evidence together, the jury might have found that Tyler, who was the agent of the plaintiff, had authority to close up and adjust the account between the plaintiff and the defendant, who had formerly been a local agent of the plaintiff in certain territory in this State. And if that were true, it was competent for Tyler, at the time of taking the note for $184.68, to stipulate in writing that if the defendant should find certain evidence which he claimed to have in his possession to show that he did not owe

the $71.30, he should not be concluded by the giving of the note, but might use such evidence as against the note. And if Tyler was the agent to settle and adjust this claim, he could give such a memorandum agreement as that in question, under verbal authority or the implied authority, without being authorized to do so in writing. See Park's Code, § 3574, and authorities cited under the catchwords, "Indorse," "Note," and "Statue of frauds."

2. The evidence was conflicting, but there was sufficient evidence to support the verdict as it stood after the defendant had written off the amount awarded him by the verdict.

*Judgment affirmed. All the Justices concur.*